THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
       1500 United States Courthouse
       312 North Spring Street
       Los Angeles, California 90012
       Telephone: (213) 894-2917/3380/0698
       Facsimile: (213) 894-3713
       E-mail: ariel.neuman@usdoj.gov
               justin.rhoades@usdoj.gov
               jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 09-230(A)-SVW |
| | ) |
| Plaintiff, | ) PLEA AGREEMENT FOR DEFENDANT |
| | ) RYAN LEONE |
| v. | ) |
| | ) |
| RAMON NARCISO MORALES | ) |
| MENDOZA, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

        1.   This constitutes the plea agreement between RYAN LEONE

("defendant") and the United States Attorney's Office for the

Central District of California ("the USAO") in the above-

captioned case.  This agreement is limited to the USAO and cannot

bind any other federal, state or local prosecuting,

administrative or regulatory authorities.

//

//

1

<u>PLEA</u>

2       2.   Defendant agrees to plead guilty to count one of the

3  First Superseding Indictment in <u>United States v. Ramon Narciso</u>

4  <u>Mendoza, et al.</u>, CR No. 09-230(A)-SVW.

5                 <u>NATURE OF THE OFFENSE</u>

6       3.   In order for defendant to be guilty of count one,

7  which charges a violation of Title 21, United States Code,

8  Section 846, the following must be true:

9            a.   Defendant entered into an agreement with at least

10 one other person to commit the crime of distribution of heroin;

11 and

12            b.   Defendant became a member of the conspiracy knowing

13 of at least one of its objects and intending to help accomplish

14 it.

15       4.   Moreover, in order for defendant to be subject to the

16 statutory maximum and statutory minimum sentence set forth below,

17 the government must prove beyond a reasonable doubt that it was

18 reasonably foreseeable to defendant that the scope of the

19 conspiracy of which defendant was a part involved the

20 distribution of at least one hundred grams of a mixture or

21 substance containing a detectable amount of heroin, a schedule I

22 narcotic controlled substance.  Defendant admits that it was

23 reasonably foreseeable to defendant that the scope of the

24 conspiracy of which defendant was a part did, in fact, involve

25 the distribution of at least one hundred grams of a mixture or

26 substance containing a detectable amount of heroin, as described

27 in count one of the First Superseding Indictment.

28

                                2

PENALTIES

5.   The statutory maximum sentence that the Court can impose for this violation of Title 21, United States Code Section 846 is: 40 years imprisonment, a lifetime period of supervised release, a fine of $2,000,000, and a mandatory special assessment of $100.

6.   The statutory mandatory minimum sentence that the Court must impose for this violation of Title 21, United States Code, Section 846 is: 5 years imprisonment, a 4-year term of supervised release, and a mandatory special assessment of $100.

7.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9.   Under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act and will not be eligible for federal food stamp program benefits; furthermore, any such benefits or assistance received by defendant's family members

3

1  will be reduced to reflect defendant's ineligibility.

2      10.   Defendant further understands that the conviction in
3  this case may subject defendant to various collateral
4  consequences, including but not limited to deportation,
5  revocation of probation, parole, or supervised release in another
6  case, and suspension or revocation of a professional license.
7  Defendant understands that unanticipated collateral consequences
8  will not serve as grounds to withdraw defendant's guilty plea.

9                          FACTUAL BASIS

10     11.   Defendant and the USAO agree and stipulate to the
11  statement of facts provided below.  This statement of facts is
12  sufficient to support a plea of guilty to the charge described in
13  this agreement and to establish the sentencing guideline factors
14  set forth in paragraph 14 below.  It is not meant to be a
15  complete recitation of all facts relevant to the underlying
16  criminal conduct or all facts known to either party that relate
17  to that conduct.

18      Beginning on a date unknown and continuing through April 9,
19  2009, defendant knowingly and intentionally conspired to
20  distribute more than 100 grams of heroin.  Specifically,
21  defendant agreed to and did receive heroin from individuals
22  associated with the Mendoza family heroin distribution
23  organization, which is based in Mexico.  Defendant regularly
24  called co-defendant Diana Michelle Abreu Ortiz ("Ortiz") on the
25  telephone to order heroin from Pedro Luis Perez-Cruz, aka
26  "Arguayo" ("Perez-Cruz").  Defendant took delivery of the heroin
27  from co-defendant Ortiz, and others, and then transported it to
28  the Santa Barbara area where he sold the heroin for profit.

4

1 Defendant admits he acted as a broker for the heroin, selling it
2 to others in the Santa Barbara area who would then resell the
3 heroin to users.  On November 20, 2008, defendant possessed with
4 the intent to distribute approximately 88.4 grams of heroin that
5 he received from co-defendant Ortiz.  Another example of
6 defendant's participation in the conspiracy occurred on November
7 22, 2008, when defendant possessed with the intent to distribute
8 approximately 122 grams of heroin that he received from co-
9 defendant Ortiz.

10    Throughout his participation in the conspiracy, defendant
11 knew that the substance he possessed and sold was heroin.
12 Defendant further admits he knew that the conspiracy to
13 distribute heroin included an agreement to distribute more than
14 100 grams but less than 400 grams of heroin.

15                    WAIVER OF CONSTITUTIONAL RIGHTS
16    12.  By pleading guilty, defendant gives up the following
17 rights:

18         a) The right to persist in a plea of not guilty.

19         b) The right to a speedy and public trial by jury.

20         c) The right to the assistance of legal counsel at
21 trial, including the right to have the Court appoint counsel for
22 defendant for the purpose of representation at trial.  (In this
23 regard, defendant understands that, despite his plea of guilty,
24 he retains the right to be represented by counsel -- and, if
25 necessary, to have the court appoint counsel if defendant cannot
26 afford counsel -- at every other stage of the proceeding.)

27         d) The right to be presumed innocent and to have the
28 burden of proof placed on the government to prove defendant

1 guilty beyond a reasonable doubt.

2          e) The right to confront and cross-examine witnesses
3 against defendant.

4          f) The right, if defendant wished, to testify on
5 defendant's own behalf and present evidence in opposition to the
6 charges, including the right to call witnesses and to subpoena
7 those witnesses to testify.

8          g) The right not to be compelled to testify, and, if
9 defendant chose not to testify or present evidence, to have that
10 choice not be used against defendant.

11      By pleading guilty, defendant also gives up any and all
12 rights to pursue any affirmative defenses, Fourth Amendment or
13 Fifth Amendment claims, and other pretrial motions that have been
14 filed or could be filed.

15                        SENTENCING FACTORS

16      13.  Defendant understands that the Court is required to
17 consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),
18 including the kinds of sentence and sentencing range established
19 under the United States Sentencing Guidelines ("U.S.S.G." or
20 "Sentencing Guidelines"), in determining defendant's sentence.
21 Defendant further understands that the Sentencing Guidelines are
22 advisory only, and that after considering the Sentencing
23 Guidelines and the other § 3553(a) factors, the Court may be free
24 to exercise its discretion to impose any reasonable sentence up
25 to the maximum set by statute for the crime of conviction.

26      14.  Defendant and the USAO agree and stipulate to the
27 following applicable Sentencing Guidelines factors:

28      Base Offense Level :    <u>26</u>   U.S.S.G. § 2D1.1(c)(7)

1  Defendant and the USAO reserve the right to argue that additional
2  specific offense characteristics, adjustments, and departures
3  under the Sentencing Guidelines are appropriate.  Defendant also
4  understands that defendant's base offense level could be
5  increased if defendant is a career offender under U.S.S.G.
6  §§ 4B1.1 and 4B1.2.  In the event that defendant's offense level
7  is so altered, the parties are not bound by the base offense
8  level stipulated to above.

9      15.  There is no agreement as to defendant's criminal
10 history or criminal history category.

11     16.  Defendant and the USAO, pursuant to the factors set
12 forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and
13 (a)(7), further reserve the right to argue for a sentence outside
14 the sentencing range established by the Sentencing Guidelines.

15     17.  The stipulations in this agreement do not bind either
16 the United States Probation Office or the Court.  Both defendant
17 and the USAO are free to: (a) supplement the facts by supplying
18 relevant information to the United States Probation Office and
19 the Court, (b) correct any and all factual misstatements relating
20 to the calculation of the sentence, and (c) argue on appeal and
21 collateral review that the Court's Sentencing Guidelines
22 calculations are not error, although each party agrees to
23 maintain its view that the calculations in paragraph 14 are
24 consistent with the facts of this case.

25                    DEFENDANT'S OBLIGATIONS

26     18.  Defendant agrees that he will:

27          a) Plead guilty as set forth in this agreement.

28          b) Not knowingly and willfully fail to abide by all

                              7

sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

THE USAO'S OBLIGATIONS

19. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all

1  other relevant factors under 18 U.S.C. § 3553(a).

2  c) At the time of sentencing, provided that defendant
3  demonstrates an acceptance of responsibility for the offense up
4  to and including the time of sentencing, to recommend a two-level
5  reduction in the applicable sentencing guideline offense level,
6  pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,
7  move for an additional one-level reduction if available under
8  that section.

9  BREACH OF AGREEMENT

10  20.  If defendant, at any time after the execution of this
11  agreement, knowingly violates or fails to perform any of
12  defendant's agreements or obligations under this agreement ("a
13  breach"), the USAO may declare this agreement breached.  If the
14  USAO declares this agreement breached at any time following its
15  execution, and the Court finds such a breach to have occurred,
16  then: (a) if defendant has previously entered a guilty plea,
17  defendant will not be able to withdraw the guilty plea, and
18  (b) the USAO will be relieved of all of its obligations under
19  this agreement.

20  21.  Following the Court's finding of a knowing and willful
21  breach of this agreement by defendant, should the USAO elect to
22  pursue any charge that was either dismissed or not filed as a
23  result of this agreement, then:

24  a) Defendant agrees that any applicable statute of
25  limitations is tolled between the date of defendant's signing of
26  this agreement and the commencement of any such prosecution or
27  action.

28  b) Defendant gives up all defenses based on the statute

1  of limitations, any claim of pre-indictment delay, or any speedy

2  trial claim with respect to any such prosecution, except to the

3  extent that such defenses existed as of the date of defendant's

4  signing this agreement.

5           c) Defendant agrees that: (i) any statements made by

6  defendant, under oath, at the guilty plea hearing (if such a

7  hearing occurred prior to the breach); (ii) the stipulated

8  factual basis statement in this agreement; and (iii) any evidence

9  derived from such statements, are admissible against defendant in

10  any such prosecution of defendant, and defendant shall assert no

11  claim under the United States Constitution, any statute, Rule 410

12  of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules

13  of Criminal Procedure, or any other federal rule, that the

14  statements or any evidence derived from any statements should be

15  suppressed or are inadmissible.

16         <u>LIMITED MUTUAL WAIVER OF APPEAL</u>

17       22.  Defendant gives up the right to appeal any sentence

18  imposed by the Court, and the manner in which the sentence is

19  determined, provided that (a) the sentence is within the

20  statutory maximum specified above and is constitutional, and

21  (b) the Court imposes a sentence within or below the range

22  corresponding to a total offense level of 23, and the applicable

23  criminal history category as determined by the Court.

24  Notwithstanding the foregoing, defendant retains any ability

25  defendant has to appeal the conditions of supervised release

26  imposed by the Court, with the exception of the following:

27  conditions set forth in General Orders 318, 01-05, and/or 05-02

28  of this Court; the drug testing conditions mandated by 18 U.S.C.

1 §§ 3563(a)(5) and 3583(d); and the alcohol and drug use
2 conditions authorized by 18 U.S.C. § 3563(b)(7).

3     23. The USAO gives up its right to appeal the sentence,
4 provided that (a) the sentence is within the statutory minimum
5 and maximum specified above and is constitutional, and (b) the
6 Court imposes a sentence within or above the range corresponding
7 to a total offense level of 23, and the applicable criminal
8 history category as determined by the Court.

9     <u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

10     24. Defendant agrees that if any count of conviction is
11 vacated, reversed, or set aside, the USAO may: (a) ask the Court
12 to resentence defendant on any remaining counts of conviction,
13 with both the USAO and defendant being released from any
14 stipulations regarding sentencing contained in this agreement,
15 (b) ask the Court to void the entire plea agreement and vacate
16 defendant's guilty plea on any remaining count of conviction,
17 with both the USAO and defendant being released from all of their
18 obligations under this agreement, or (c) leave defendant's
19 remaining conviction, sentence, and plea agreement intact.
20 Defendant agrees that the choice among these three options rests
21 in the exclusive discretion of the USAO.

22     <u>COURT NOT A PARTY</u>

23     25. The Court is not a party to this agreement and need not
24 accept any of the USAO's sentencing recommendations or the
25 parties' stipulations. Even if the Court ignores any sentencing
26 recommendation, finds facts or reaches conclusions different from
27 any stipulation, and/or imposes any sentence up to the maximum
28 established by statute, defendant cannot, for that reason,

1  withdraw defendant's guilty plea, and defendant will remain bound

2  to fulfill all defendant's obligations under this agreement.  No

3  one -- not the prosecutor, defendant's attorney, or the Court --

4  can make a binding prediction or promise regarding the sentence

5  defendant will receive, except that it will be within the

6  statutory maximum.

7                  NO ADDITIONAL AGREEMENTS

8       26.  Except as set forth herein, there are no promises,

9  understandings or agreements between the USAO and defendant or

10  defendant's counsel.  Nor may any additional agreement,

11  understanding or condition be entered into unless in a writing

12  signed by all parties or on the record in court.

13        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

14       27.  The parties agree and stipulate that this Agreement

15  will be considered part of the record of defendant's guilty plea

16  hearing as if the entire Agreement had been read into the record

17  of the proceeding.

18       This agreement is effective upon signature by defendant and

19  an Assistant United States Attorney.

20  AGREED AND ACCEPTED

21  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA

22
    THOMAS P. O'BRIEN
23  United States Attorney

24

                                              7-24-09
25  ARIEL A. NEUMAN                    Date
    JUSTIN RHOADES
26  JEFF MITCHELL
    Assistant United States Attorneys

27

28       I am fluent in English and have carefully read this

                          12

1   agreement.  I have carefully discussed every part of this
2   agreement with my attorney.  I understand the terms of this
3   agreement, and I voluntarily agree to those terms.  My attorney
4   has advised me of my rights, of possible defenses, of the
5   sentencing factors set forth in 18 U.S.C. § 3553(a), of the
6   relevant Sentencing Guidelines provisions, and of the
7   consequences of entering into this agreement.  No promises or
8   inducements have been given to me other than those contained in
9   this agreement.  No one has threatened or forced me in any way to
10  enter into this agreement.  Finally, I am satisfied with the
11  representation of my attorney in this matter.

12  _____                    7-17-09
    RYAN LEONE                                  _____
13  Defendant                                   Date

14       I am Ryan Leone's attorney.  I have carefully discussed
15  every part of this agreement with my client.  Further, I have
16  fully advised my client of his rights, of possible defenses, of
17  the sentencing factors set forth in 18 U.S.C. § 3553(a), of the
18  relevant Sentencing Guidelines provisions, and of the
19  consequences of entering into this agreement.  To my knowledge,
20  my client's decision to enter into this agreement is an informed
21  and voluntary one.

22
23  _____                    July 17, 2009
    ROBERT SANGER                               _____
24  Counsel for Defendant                       Date
    Ryan Leone
25
26
27
28

                              13