EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JAKE D. NARE (Cal. Bar No. 272716)
Assistant United States Attorney
General Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2476
Facsimile: (213) 894-0141
E-mail: jake.nare@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RYAN LEONE,

Defendant.

CR No. 09-00230-SVW

GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST TO MODIFY TERMS OF IMPRISONMENT FOLLOWING REVOCATION OF SUPERVISED RELEASE

Plaintiff United States of America, by and through its attorney of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jake D. Nare, hereby submits its response to defendant's letter to the Court filed on January 25, 2017, requesting the modification of the sentence imposed by this Court following the revocation of defendant's supervised release.

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such other evidence or argument as may be requested by the court.

Dated: February 8, 2017

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s/

JAKE D. NARE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant Ryan Leone ("defendant") seeks modification of the sentence of imprisonment he received following the revocation of his supervised release on December 5, 2016. Specifically, defendant requests that his term of imprisonment be reduced from three months' imprisonment to 45 days' imprisonment with the remaining 45 days to be served at a halfway house. (Dkt. 1962.) This request should be dismissed, as this court is procedurally barred from modifying the imposed term of judgment pursuant to 18 U.S.C. § 3582(b).

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 29, 2009, Defendant Ryan Leone ("defendant") plead guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. (Dkt. 668.) On October 5, 2009, he was sentenced to sixty months' imprisonment with four years of supervised release to follow. (Dkt. 809.)

Defendant was released from imprisonment on October 3, 2013, and began his four-year term of supervised release. (Leone Violation Report, at 1). On September 6, 2016, this Court was requested by the United States Probation Office to order defendant to show cause as to why supervised release should not be revoked. Id. In the petition, four counts of violating terms and conditions of his supervised release were alleged. Specifically, defendant was charged with: (1) having been ordered by the Court not to commit another federal, state or local crime, on or about August 14, 2016, defendant operated a vehicle under the influence of alcohol, in violation of Section 23152(a) of the California Vehicle Code; (2) having been ordered to abstain from using alcohol, on or about

August 14, 2016, defendant used alcohol; (3) having been ordered by the Court to refrain from any unlawful use of a controlled substance, on or before May 24, 2016, defendant used cocaine; and (4) having been ordered by the Court to refrain from any unlawful use of controlled substances, on or before June 1, 2016, defendant used cocaine. Id.

Count one of the petition was later dismissed by the government. (Dkt. 1952.) On December 5, 2016, defendant was found to have committed the violations in counts two through four and his supervised release was revoked. Prior to sentencing, defendant, through his counsel, submitted letters in mitigation. (Dkt. 1957-58.) At the hearing, defendant was given an opportunity to speak to the Court and lay out his position in support of a short sentence or a period at a treatment facility in lieu of imprisonment. Defendant was sentenced to imprisonment for three months, with a 9-month period of supervised release to follow. (Dkt. 1957.) Defendant was order to self-surrender to the BOP by January 3, 2017. Id. On January 3, 2017, defendant self-surrendered and began his three-month term of imprisonment. (Dkt. 1961.) Defendant has not, at this time, appealed his sentence.

On January 25, 2017, defendant, not through his appointed counsel, submitted a letter to the Court. (Dkt. 1962.) In the letter, defendant requests that his term of imprisonment be reduced to 45 days with the remaining 45 days to be served at a halfway house. For the reasons stated below, the government requests the Court deny the petition, and defendant be required to continue his 90-day prison sentence. Id.

## III. ARGUMENT

### A. 18 U.S.C. § 3582(b) Bars Modification of a Term of Imprisonment Absent Specific Enumerated Exceptions

Generally, courts may not alter a term of imprisonment once it is imposed. United States v. Leniear, 574 F.3d 668, 672 (9th Cir. 2009). 18 U.S.C. § 3582(b) lists the specific instances in which a court may modify a sentence. These exceptions include, *inter alia*: (1) corrected sentences pursuant to the provision of Rule 35 of the Federal Rules of Criminal Procedures; (2) appealed sentences outside the guidelines range, pursuant to 18 U.S.C. § 3742; (3) upon motion of the Director of the BOP if he or she finds a defendant meets certain enumerated conditions; and (4) in a case where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)...", and where a defendant meets several additional requirements. Id. Absent one of the exceptions contained in 18 U.S.C. §§ 3582(b), or (c), a "court may not modify a term of imprisonment once it has been imposed." Id. at § 3582(c).

In United States v. Morales, 590 F.3d 1049 (9th Cir. 2010), the Ninth Circuit applied 18 U.S.C. § 3582(b) to a sentence imposed for revocation of supervised release. In Morales, the defendant sought a reduction of his supervised release revocation sentence based on the United States Sentencing Commission lowering the offense level for crack cocaine in November 2007.[1] Id. at 1050. The District

[1] Defendant had plead guilty to distribution of crack cocaine in 1990 and was sentence to 110 months in prison and 5 years supervised release. Morales at 1. Defendant sought reduction of his supervised release revocation for robbery due to the reduction in

Court concluded that it had no authority to reduce the sentence and denied the motion. Id. On appeal, the Ninth Circuit held that "[g]enerally courts may not alter a term of imprisonment once it is imposed." Id. The court then applied the exception to this general rule contained in 18 U.S.C. § 3582(c)(2) that allows for a reduction in sentence under certain circumstances where a term of imprisonment is based on a sentencing range that was later lowered by the Sentencing Commission. Id. at 1050-51. Ultimately, the Court determined the defendant failed to meet this exception and affirmed the District Court's decision by applying the bar to modifying a sentence contained 18 U.S.C. § 3582(b) to supervised release revocation.

**B. Defendant Fails to Raise, Either Explicitly or Implicitly, Facts that Meet an Exception of 18 U.S.C. § 3582(b) to Allow this Court to Modify His Sentence.**

Morales makes it clear that the bar to modifying sentences contained in 18 U.S.C. § 3582(b)(2), and (c)(2) applies to a sentence imposed due to the revocation of supervised release. In order for this Court to consider a modification of his sentence, he must meet an exception to the general rule that courts may not alter a term of imprisonment once imposed.

Defendant in his letter to the Court does not specify on what grounds he is petitioning the court to modify his sentence. However, after review of the letter, it is clear that petitioner is essentially re-raising issues brought before this Court at his

---

the sentencing guidelines for his original crime. This request was made pursuant to United States v. Etherton, 101 F.3d 80 (9th Cir. 1996), which held that a defendant was eligible for a reduction of his supervised release revocation sentence due to a lowered guideline range for his original crime. Id. at 81.

revocation hearing in an effort to seek a reduced sentence shortly after beginning his term of imprisonment. This is an impermissible attempt to modify an imposed term of imprisonment that does not fall within any of the exceptions listed in 18 U.S.C. § 3582(b). This Court is therefore procedurally barred from modifying defendant's sentence pursuant to 18 U.S.C. § 3582(b). And because nothing has changed since defendant raised these very issues prior to this Court sentencing defendant to three months' imprisonment, this Court should similarly decline defendant's request for a modification of his sentence.[2]

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's request. In the alternative, the government requests leave to address the merits of defendant's position in his letter to the Court.

[2] The government has consulted with defendant's probation officer, Mr. Benjamin Ventura, and he is in agreement with the government that the Court's sentence appropriately address defendant's non-compliance with the terms of his supervised release and breach of the Court's trust. The U.S. Probation Office therefore opposes defendant's request for a reduced sentence.